Fox
*v.*
Sloo.

---

## M. Piron *v.* J. M. Bach.

Where a person improperly provokes a sale of property, deters persons from bidding, depresses the price, and himself becomes the purchaser, the sale may be set aside.

APPEAL from the District Court of the Parish of Jefferson, *Clark*, J. *Collins* and *Michel*, for plaintiff and appellant. *Roselius* and *Marks*, for defendants.

Spofford, J. This is a petitory action for fourteen lots in faubourg West Bouligny, in the city and parish of Jefferson.

It is unnecessary to trace the origin of the title, as both parties are compelled to admit that *François Léon* was once the owner. His title, derived from one *Parageau*, in 1837, by authentic act before a notary in New Orleans, does not appear to have been recorded, at any time, in the parish of Jefferson. In 1841, *Léon* sold the lots to *Wiltz*, and in 1847, *Wiltz* sold them to the plaintiff. These sales were also passed before notaries in New Orleans, and recorded in the conveyance office of that city, but not in Jefferson.

The plaintiff's chain of title is complete, and he must recover, unless it be found that he, or one of his authors, has been legally divested of title.

The defendant pretends that such a divestiture took place by virtue of a sale under execution upon a judgment for city taxes, at which the property was adjudicated to him on the 4th of October, 1852.

The plaintiff sets up various informalities and illegalities in the proceedings, which formed the basis of this Sheriff's sale, and claims that the sale should be annulled on account of the misrepresentations and bad faith of the defendant.

By the Act of March 9th, 1850, (Session Acts, p. 59,) a proceeding *in rem* was authorized against property on which taxes may be due in the city of Jefferson, by absent or unknown owners. This proceeding is to be had before any competent court, and in accordance with certain articles of the Code of Practice, regulating provisional seizures.

It seems that in 1851, the lots in question were, for some unexplained cause, assessed in the name of *François Léon*, who never had a recorded title, and who parted with such title as he did have, by an act registered in the conveyance office of New Orleans, on the 6th of July, 1841. A curator *ad hoc* was appointed to *Léon*, and the proceedings under which the defendant claims were conducted contradictorily with that curator. The property was not seized as

PIRON
*v.*
BACH.

that of an unknown owner, but as the property of *Léon*. The proceedings show that it was not his property, either in fact or in legal contemplation by the effect of the registry laws. In *Michel* v. *The Police Jury of Terrebonne*, 9 Ann. 67, a similar error in a proceeding somewhat analogous, was held to be fatal. But it is not important to inquire how this error would have affected an innocent purchaser, for the evidence establishes that the defendant, *Bach*, cannot be regarded in that light. He seems to have been an instigator of the proceedings by which he acquired the title he now asks us to confirm. He spoke several times to the justice before whom the suit was instituted, and urged that it should go on without delay. And yet, at that time, he was in possession of the lots himself, claiming as owner under a Sheriff's sale for State taxes, in the year 1849. Indeed, he sets up that title in a supplemental answer to the present suit, although he has not thought fit to produce it in evidence. Claiming the property under a deed, and being in actual possession, engaged in making valuable improvements, it was his duty to pay the taxes himself, and not to procure a resale for taxes assessed in 1851, against a man who never had been the recorded owner, and who had divested himself of all claims ten years before. The subsequent conduct of the defendant, taken in connection with the facts to which we have adverted, renders it necessary that the sale upon which he rests his defence, should be set aside.

After urging the magistrate to hurry forward the suit, and bring about the sale for a debt alleged to be due by *Léon*, he appeared on the sale day and warned the bystanders not to bid, declaring that whoever would buy those lots would buy a law-suit with him, as they belonged to him, he having bought them at a former sale for taxes.

After making this proclamation, he proceeded to bid himself, and the lots were adjudicated to him for $2500, for which he gave his twelve months' bonds to the Sheriff.

We have no doubt that the conduct of the defendant deterred persons from bidding for the property, and depressed the price, and that he provoked the sale for his own benefit.

As the plaintiff complains that his interests have been prejudiced by this management, he is entitled to relief.

The defendant has pleaded in reconvention a claim for improvements to the extent of five thousand dollars. There is some evidence in the record touching these improvements, but it is not sufficiently definite for us to act finally upon the matter. His right to reimbursement depends, in a great measure, upon his good faith at the time he made the improvements, which time is not shown. He may also be liable for rents, the value of which is not shown, nor does it appear when his possession commenced. The plaintiff must refund all taxes paid by the defendant.

The cause will be remanded for the purpose of adjusting these mutual accounts.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed. It is further ordered and adjudged, that the plaintiff, *Milford Piron*, be decreed to be the owner of the fourteen lots of ground in faubourg West Bouligny, described in his petition ; and that he recover possession of the same from the defendant, *John M. Bach*, upon tendering him such sum, if any, as may hereafter be found due upon a final adjustment of their accounts. And it is further ordered and decreed, that this cause

be remanded to the District Court for the purpose of ascertaining the amounts due to each other, by the respective parties, for improvements, taxes and rents, and adjusting the balance between them according to law. It is further ordered and decreed, that the defendant pay costs in both courts.

PIRON
v
BACH.

BUCHANAN, J.  I consider it sufficient for the reversal of the judgment of the District Court, that the land in controversy, which was sold for taxes in the name of *François Léon*, had actually ceased to be *Léon's* property for many years, although the conveyances were not recorded in the parish of Jefferson; the registry laws not being applicable, in my opinion, to a case of assessment for taxes.

VOORHIES, J., concuring in the opinion on the ground, that the proceedings under which the Sheriff's sale was made is insufficient, as the court which rendered the judgment had no jurisdiction *ratione materæ.*